# OBERLY, JENNINGS & RHODUNDA, P.A.

**1220 Market Street – Suite 710**
**P. O. Box 2054**
**Wilmington, Delaware 19899**

Charles M. Oberly, III
Kathleen M. Jennings
William J. Rhodunda, Jr.
------------
Karen V. Sullivan
Chandra J. Rudloff

Writer's e-mail coberly@ojlaw.com

(302) 576-2000
Fax (302) 576-2004

E.I.No. 51-0364261

March 24, 2008

**By Hand**
The Honorable Joseph J. Farnan, Jr.
United States District Court of Delaware
844 North King Street, Lock Box 27
Wilmington, DE 19801

**Re:  United States v. Daniel Johnson – 1:07CR00070-001(JJF)**

Dear Judge Farnan:

On April 3, 2008, Daniel Johnson will appear before you to be sentenced on one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(c).  Mr. Johnson pled guilty to the offense on November 27, 2007.  Mr. Johnson is currently 23 years of age.  He has been incarcerated as a result of the arrest resulting in his plea since April 18, 2007.

While the Presentence Report (PR) is comprehensive, it is submitted that it overstates the extent of Mr. Johnson's criminal history.  It is that criminal history that places Mr. Johnson in a Category III status with a Guideline Range for Imprisonment of 30 to 37 months.  As noted, as of the date of sentencing, Mr. Johnson has already served a full 1 year of incarceration.  It is submitted, however, that a close analysis of Mr. Johnson's criminal history over-represents its seriousness.  Pursuant to §4A1.3(b)(1) of the Sentencing Guidelines, a download departure may be appropriate if "the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  The PR does at page 18, paragraph 95 state that the "majority of the defendant's arrests stem from his relationship with Cheri Wilson, the mother of his seven year old daughter, Janiya Wilson."

In fact, of the 14 listed adult offenses (the 3 juvenile offenses are ages 11, 13, and 15 not being counted), 11 involve Mr. Johnson's relationship with Cheri Wilson, the mother of his daughter, Janiya.  Mr. Johnson dropped out of school after his child was born.  The various offenses involving Ms. Wilson all occurred during a time frame of March, 2002 and December

The Honorable Joseph J. Farnan, Jr.
March 24, 2008
Page 2


2003, when Mr. Johnson was between 17 years of age and shortly after his 19th birthday.  While
his age cannot excuse his behavior, it is important to put the events into context when
considering his criminal history.  Except for the tumultuous relationship with Cheri Wilson, Mr.
Johnson's record is unremarkable.  Moreover, over time and with maturity, both Mr. Johnson
and Cheri Wilson have grown into adulthood and have a healthy relationship.  Ms. Wilson sent a
letter to your Honor, which was forwarded to Martin Durkin, who authored the Presentence
Report.  A copy of that letter is attached hereto as Exhibit A.  Ms. Wilson states:

> "Since Daniel was released from jail I haven't had any negative
> contact with him.  He has not shown any threatening behavior
> towards me or contacted me about anything.  Daniel uses my
> mother as a third party to continue his relationship with his
> daughter.  He has been an active parent in her life attending
> school functions, field trips and any thing involving our child.  I
> believe Daniel has matured and moved on with his life with his
> new family, whom I have frequent contact with regarding our
> daughter as they have been active in her life since Daniel's recent
> incarceration.  In knowing Daniel as long as I have I believe that
> he will use his past experiences as lessons learned and grow from
> his past mistakes to make him a better father and a stronger, wiser
> and better person in general."

Mr. Johnson's desire to turn his life around has been harshly awakened as a result
of this case.  His incarceration has caused him to reassess his life.  In October of 2007, he earned
his high school diploma.  A copy of that document is included herein as Exhibit B.  He has a
stable relationship with Ms. Jamie Gallucci, which is going into its 4th year.  Ms. Gallucci has a
son from a previous relationship, and she and Daniel are caring and devoted to both of their
children.  Ms. Gallucci maintains full-time employment and through her family will be able to
provide Daniel with employment when released from prison (Exhibit C).

Mr. Johnson has asked me to forward to your Honor a letter he has written
(Exhibit D).  Mr. Johnson addresses the past relationship he had with Ms. Wilson and his current
relationship.  He also realizes that he is a young man with a lot to look forward to and that he is
committed to making the necessary changes in his life "to leave all my past behind me and
proceed with a positive future."

<u>**The Applicable Law**</u>

The United States Supreme Court decision in *United States v. Booker*, 5430 U.S.
220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) has altered the sentencing authority of the Court by
providing the sentencing judge with much greater discretion that had been the case.  No longer

The Honorable Joseph J. Farnan, Jr.
March 24, 2008
Page 3

are judges straight-jacketed by the Sentencing Guidelines, which are now advisory and subject to the sentencing goals set forth at 18 U.S.C. Sec. 3553(a). *United States v. Cooper*, 437 F.3d 324 (3rd Cir., 2006). The overriding principle and basic mandate of Section 3553(a) is that the Court "impose a sentence sufficient, but not greater than necessary, to comply with "the four purposes of sentencing set forth in subsection (2) of Section 3553(a). These factors are summarized as follows:

> (a)     retribution ("to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense");
>
> (b)     deterrence;
>
> (c)     incapacitation ("to protect the public from further crimes"); and
>
> (d)     rehabilitation

In determining the sentence minimally sufficient to meet the overriding mandate as set forth above, the Court shall consider the remaining factors listed in Section 3553(a) which are:

> (1)     "the nature and circumstances of the offense and the history and characteristics of the defendant";
>
> (2)     "the kinds of sentences available";
>
> (3)     the guidelines and policy statements issued by the Sentencing Commission, including the now advisory guideline range;
>
> (4)     the need to avoid unwarranted sentencing disparity; and
>
> (5)     the need to provide for restitution

In light of *Booker* it is now clear that the guidelines are only the third of five equally important factors in determining the minimally sufficient sentence. Such was the point emphasized by Justice Scalia in his *Booker* dissent where he states:

> "Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise – if it thought the Guidelines not only had to be

The Honorable Joseph J. Farnan, Jr.
March 24, 2008
Page 4

> 'considered' (as the amputated statute requires) but had generally
> to be followed – its opinion would surely say so."

> *Booker*, 125 S.Ct. at 791
> *See also, United States v. Ranum*,
> 353 F.Supp. 984, 986 (E.D. Wis. Jan. 19, 2005)

Applying the above standards to Mr. Johnson justifies a sentence below the guideline range of 30 to 37 months. While counsel understands that the United States will not ask for a sentence longer than the guideline minimum of 30 months, it is submitted that the purposes set forth in 18 U.S.C. §3553(a)2) can be met with a shorter sentence. Mr. Johnson has been incarcerated for almost 1 year. He is under no illusion that your Honor will sentence him to time served, but it is submitted that an additional 18 months is neither necessary as just retribution or for deterrence. Mr. Johnson's desire to continue his rehabilitation and to be with his family in a constructive manner will be hastened if the Court would consider a lesser sentence than suggested by the guidelines.

For all the above reasons, counsel respectfully requests that Mr. Johnson receive a sentence of not more than 18 months, including time served to date.

Respectfully submitted,


/s/ *Charles M. Oberly, III*
**CHARLES M. OBERLY, III**


CMO,III/dq

Enclosures:  Exhibits A-D

cc:  Douglas E. McCann, Assistant United States Attorney
     Martin P. Durkin, Senior U.S. Probation Officer
     Daniel Johnson

# EXHIBIT A

Honorable Judge Farnan,

My name is Cheri Wilson and I am the mother of Daniel Johnson's daughter. I am writing to inform you of my past relationship with Daniel. Although we have a child together, we became parents at a very young age and eventually out grew each other very fast. After many attempts to mend our relationship I finally decided we should separate for good in November 2003. There were a lot of times when we would break up and get right back together weeks sometimes days later, leading to arguments and fights. Daniel felt as though I was leading him on at times as I thought he was doing the same. He is a good father to our daughter and they are very close despite our failed relationship. To my knowledge Daniel didn't have a criminal background before we were ever involved with each other. Due to our unsuccessful attempts to stay together which led to anger and spiteful hearts, our uncontrolled emotions have caused us both to do things we shouldn't have. I believe Daniel has most (if not all) of his criminal charges that are briar to January 2004 from things that stemmed from our past relationship. Most of the charges involved me calling the police to have Daniel removed from my house when he wouldn't remove his self after heated arguments, this has happened on several occasions. The last incident that Daniel and I had in December 2003 led to his arrest and he served at least a year or more of jail time for burglary, assault and endangering the welfare of a child. Daniel had a hard time accepting our final break up and acted out of rage when he witnessed my uncle and another male (whom I have been in a relationship with since December of 2003) moving furniture from my home. Since Daniel was released from jail I haven't had any negative contact with him. He has not shown any threatening behavior towards me or contacted me about anything. Daniel uses my mother as a third party to continue his relationship with his daughter. He has been an active parent in her life attending school functions, field trips and any thing involving our child. I believe Daniel has matured and moved on with his life with his new family, whom I have frequent contact with regarding our daughter as they have been active in her life since Daniel's recent incarceration. In knowing Daniel as long as I have I believe that he will use his past experiences as lessons learned and grow from his past mistakes to make him a better father and a stronger, wiser and better person in general.


Sincerely,

Cheri Wilson

# EXHIBIT B



THE GREAT SEAL OF THE STATE OF NEW JERSEY

WARNING: THIS DOCUMENT CONTAINS MULTIPLE SECURITY FEATURES INCLUDING WATERMARKED PAPER

# The State of New Jersey

## Board of Education
## Be It Known That

### Daniel L. Johnson

Having satisfied in full the statutory and regulatory requirements of the State for the

### High School Diploma

has been awarded this diploma with all rights, privileges and honors thereto appertaining.
In witness thereof, the seal of the State of New Jersey and the signature of the
Commissioner of Education are hereto affixed.

October 24, 2007

Lucille E. Davy
Commissioner of Education

10005579

Online: http://www.ged123.org
Access Code: 6YPXNPYG

Any Alterations Void This Diploma

# EXHIBIT C

The Honorable Joseph J. Farnan, JR.
United States District Court
District of Delaware

OJR

DEC 2  2007

12/01/2007


My name is Jamie Gallucci, I am Daniel Johnson's fiance, we have been in a relationship since 2004.

Daniel is a very loving man and  father, he took my daughter in as his own when she was two years old.

Daniel has always been there for me and my daughter as well as his own. Daniel has a seven year old

daughter from his previous relationship that we get at least four times a week. The kids adore Daniel, he

is a very active parent in their lives. Due to my busy work schedule as a nurse at Family Care Associates,

Daniel had all the responsibilities of picking them up from school, doing their homework and preparing their

meals for dinner. Daniel attends all the kids school activities and rewards them for their achievments. He

is a great teacher as well as father. We have been members at Word Of Life Christian Center since 2005.

To be honest I am not sure why Daniel chose to involve himself in drug activity. He is a very intelligent man

that has lightened my life up. He has never brought harm to me nor our children and we love and miss him

dearly. In the past Daniel has learned from his mistake's and I truely believe that he will take this as a lesson

learned in life.


Sincerly,

*Jamie Gallucci*

Jamie Gallucci

# EXHIBIT D

Honorable Judge Farnan,

My name is Daniel Johnson
I am a twenty three year old
male that has been incarcerated
at Howard R. Young Correctional since
April 2007, then was moved to Salem
County Correctional in July of 2007.
During this time I have recieve my
G.E.D diploma and have had alot of
time to think about the things in my
life that I need to change. I was
raised in an unstable environment my
father was addicted to drugs and my
mother never really cared to lay down
any rules so I always ran the streets
When I was sixteen years old
I started a relationship with Cheri
Wilson, during that time of our
relationship we had a little girl.
It seemed like after the birth of
my daughter it all went down hill.

We were in a very immature relationship we would argue, and then we would get back together. There were several altercations when she would call the police due to arguementative discussions regarding personal matters. Therefore throughout the years my charges that I have recieved have been due to the adolescent relationship between myself and Cheri Wilson. Since then we have grew to have a mature relationship for our daughters benefit. Soul custody has been granted to Loretta Wilson which is my daughters grandmother.

I am engaged to Jamie Gallucci we have been together since 2004, she has a five year old daughter that I consider my own. I love my kids and family very much and miss them dearly. There are a lot of things in my past that I wish I could change. Unfortunately I cannot, all I can do is grow to make a better future for not only myself, but for my family also.

I have taken a lot of things for granted in my life. I am blessed to say I now have a loving family that is always by my side. I've learned that the choices I make in life not only effect me, but it does not show positive influence towards my children. I see them at visits and every time I see there faces I ask the lord to forgive me for putting them in this situation with me.

In conclusion this has change my whole out looks in life, in the beginning I was so mad thinking why this happened, why would the lord do this to me. I was going to church and have a loving family, everything seemed right. I have grown to realize that even though all seemed well, I was doing wrong. This was my turn around that would make everything complete, it has build my mind and faith, I know what I have to do. I have a job in line, and a family that needs me. Your Honor I truly want to leave all my past behind me and

procced with a positive future.
Thank you for your time, its greatly
appreciated

Sincerely, Daniel Johnson