IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-70-JJF |
| DANIEL JOHNSON | : |
| Defendant. | : |

### PRELIMINARY ORDER OF FORFEITURE

THIS 25 day of March, 2008, IT IS HEREBY ORDERED that:

1. As a result of his conviction after a guilty plea on Count I of the Indictment (the "Indictment"), for which the United States sought forfeiture pursuant to 21 U.S.C. § 853, the defendant shall forfeit to the United States any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation.

2. The Court determines, based on the Stipulation filed by the parties on March 21, 2008, that the 1995 Chevrolet Tahoe, registration PC87735, VIN 1GNEK13K9SJ429113 (the "Vehicle"), facilitated the offense of conviction and is forfeit to the United States.

3. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of the Order and its intent to dispose of the Vehicle in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an

alleged interest in the Vehicle.

5.  Any person, other than the above named defendant, asserting a legal interest in the Vehicle may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the alleged interest in the Vehicle, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

6.  Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7.  Any petition filed by a third party asserting an interest in the Vehicle shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Vehicle, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Vehicle, and any additional facts supporting the petitioner's claim and the relief sought.

8.  After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9.  The United States shall have clear title to the Vehicle following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10.   The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

                                                    */s/ Joseph J. Farnan*
                                        HONORABLE JOSEPH J. FARNAN, JR.
                                        UNITED STATES DISTRICT JUDGE